**FILED**

APR 1 8 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DANNY A. OLEA, JERI D. NELSON, )
DANNY A. OLEA, JR., a minor, and )
NATHAN G. OLEA, a minor, )
                       )
            Plaintiffs, )
                       )
Vs.                     )
                       )
VILLAGE OF MELROSE PARK, )
MELROSE PARK POLICE )
DEPARTMENT, VITO SCAVO, CHIEF )
OF POLICE, individually and in his )
official capacity, UNKNOWN and )
UNNAMED MELROSE PARK POLICE )
OFFICERS, MELROSE PARK FIRE )
DEPARTMENT, BILLY CAMPANELLI,)
individually and in his official capacity, )
and UNKNOWN and UNNAMED )
MELROSE PARK FIREFIGHTERS, )
                       )
           Defendants. )

**06CV2146**
**JUDGE GRADY**
**MAG. JUDGE COLE**

Plaintiff Demands Trial By Jury

## COMPLAINT

    **NOW COMES** the Plaintiffs, **DANNY A. OLEA, JERI D. NELSON, DANNY A.**

**OLEA, JR., a minor, and NATHAN G. OLEA, a minor** by and through their Attorney, JESSE

V. BARRIENTES, and complaining about the Defendants, **VILLAGE OF MELROSE PARK,**

**MELROSE PARK POLICE DEPARTMENT, VITO SCAVO, CHIEF OF POLICE,**

**individually and in his official capacity, UNKNOWN and UNNAMED MELROSE PARK**

**POLICE OFFICERS, MELROSE PARK FIRE DEPARTMENT, BILLY CAMPANELLI,**

**individually and in his official capacity, and UNKNOWN and UNNAMED MELROSE**

**PARK FIREFIGHTERS**, alleges as follows:

1

## COUNT I
## CIVIL RIGHTS ACT CLAIM
## (UNLAWFUL SEARCH OF PLAINTIFFS' RESIDENCE)

1.      Plaintiffs, **DANNY A. OLEA, JERI D. NELSON, DANNY A. OLEA, JR. a minor, and NATHAN G. OLEA, a minor** are United States Citizens and reside within the jurisdiction of this Honorable Court.

2.      Defendant, **VILLAGE OF MELROSE PARK** is a local municipality and is located in the Village of Melrose Park, Cook County, Illinois.

3.      Defendant, **MELROSE PARK POLICE DEPARTMENT** is a police department maintained, managed and/or operated by Defendant, **VILLAGE OF MELROSE PARK**.

4.      Defendant, **VITO SCAVO** is the Chief of Police of Defendant, **VILLAGE OF MELROSE PARK** and was acting under color of state law as an employee, agent or representative of Defendant, **VILLAGE OF MELROSE PARK POLICE DEPARTMENT**.

5.      Defendant, **UNKNOWN and UNNAMED MELROSE PARK POLICE OFFICERS** were employed by Defendant, **VILLAGE OF MELROSE PARK POLICE DEPARTMENT** and were acting under color of state law as employees, agents or representatives of Defendant, **VILLAGE OF MELROSE PARK POLICE DEPARTMENT**. These Officers are being sued in their individual/personal capacity, and in their official capacity as employees, agents or representatives of Defendant, **VILLAGE OF MELROSE PARK POLICE DEPARTMENT**.

6.      Defendant, **MELROSE PARK FIRE DEPARTMENT** is a fire department maintained, managed and/or operated by Defendant, **VILLAGE OF MELROSE PARK**.

7.    Defendant, **BILLY CAMPANELLI** is a code enforcement officer for Defendant, **VILLAGE OF MELROSE PARK** and a ranking member of Defendant, **VILLAGE OF MELROSE PARK FIRE DEPARTMENT**, and was acting under color of state law as an employee, agent or representative of Defendant, **VILLAGE OF MELROSE PARK FIRE DEPARTMENT.**

8.    Defendant, **UNKNOWN and UNNAMED MELROSE PARK FIRE FIGHTERS** were employed by Defendant, **VILLAGE OF MELROSE PARK FIRE DEPARTMENT** and were acting under color of state law as employees, agents or representatives of Defendant, **VILLAGE OF MELROSE PARK FIRE DEPARTMENT**. These Firefighters are being sued in their individual/personal capacity, and in their official capacity as employees, agents or representatives of Defendant, **VILLAGE OF MELROSE PARK FIRE DEPARTMENT.**

9.    Federal question jurisdiction exists as to Count I, pursuant to 28 U.S.C. § 1331(a) (3) as this cause arises under a federal statute: namely; the Civil Rights Act, 42 U.S.C. § 1983 and § 1988. Supplemental jurisdiction exists as to Count II pursuant to 28 U.S.C. § 1367.

10.   Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division because the actions and injuries complained of occurred in this District, and the Defendants transact business in this District.

11.   On June 1, 2004, Plaintiffs lived at 2202 West Division Street, Apt.: GE, Melrose Park, Illinois 60160.

12.   Angelo DeBiasio owned the premised in which Plaintiffs lived, and is an employee of Defendant, **VILLAGE OF MELROSE PARK.**

3

13.     On or about June 1, 2004 Angelo DeBiasio was contacted by Billy Campanelli (Code Enforcement Officer for Defendant, **VILLAGE OF MELROSE PARK**/a ranking member of Defendant, **MELROSE PARK FIRE DEPARTMENT**). Billy Campanelli told Angelo DeBiasio that he and Vito Scavo (Chief of Police of Defendant, **VILLAGE OF MELROSE PARR**) wanted Plaintiff's out of the building located at 2202 West Division Street, Apt.: GE, Melrose Park, Illinois 60160.

14.     Angelo DeBiasio told Billy Campanelli that Olea's lease was already terminated; and Angelo DeBiasio explained to Billy Campanelli that the lease termination required Olea to move out by or on June 10, 2004. However, Billy Campanelli told Angelo DeBiasio that he wanted Olea out before June 10, 2004.

15.     Angelo DeBiasio questioned Defendant, **VILLAGE OF MELROSE PARK'S** authority to evict Plaintiffs before June 10, 2004. Billy Campanelli told Angelo DeBiasio to meet him at the building located at 2202 West Division Street, Apt.: GE, Melrose Park, Illinois 60160 later that day when Plaintiffs would be present.

16.     On or about June 1, 2004, at approximately 6:30 p.m. Angelo DeBiasio and his wife met Billy Campanelli and many Defendant, **VILLAGE OF MELROSE PARK POLICE DEPARTMENT** police officers at the apartment building; however, Plaintiffs were not present.

17.     Billy Campanelli ordered Angelo DeBiasio to let him into Plaintiff's apartment; however, Angelo DeBiasio initially refused to allow Campanelli access because Plaintiffs were still the lawful tenants. Angelo DeBiasio questioned what authority Code Enforcement, Defendant, **VILLAGE OF MELROSE POLICE DEPARTMENT**, and Defendant, **VILLAGE OF MELROSE FIRE DEPARTMENT** had to enter Plaintiffs' apartment without

4

justification.

18.   Billy Campanelli became irate and started yelling at Angelo DeBiasio and ordered him to open Plaintiffs' apartment door or Defendant, **VILLAGE OF MELROSE POLICE DEPARTMENT** would break the door down. Moreover, Billy Campanelli represented to Angelo DeBiasio that he could enter Plaintiffs' apartment because he had a State Order.

19.   Because of the temperament of Billy Campanelli, the number of Defendant, **VILLAGE OF MELROSE POLICE DEPARTMENT** officers, and the representation that Billy Campanelli had a State Order, Angelo BeBiasio felt like he had not choice but to allow Billy Campanelli access to Plaintiffs' apartment.

20.   Angelo DeBiasio opened Plaintiffs' apartment door; and upon entry, Defendant, **VILLAGE OF MELROSE POLICE DEPARTMENT** began to search Plaintiffs' apartment.

21.   The Plaintiffs were not committing any crimes or breaking any laws.

22.   There was no legal cause to enter Plaintiffs home or to conduct a search.

23.   By reason of Defendants' conduct, Plaintiffs' were deprived of their rights, privileges and immunities secured to them by their Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

24.   Defendants searched Plaintiffs home without Plaintiffs' consent, unreasonably, and without cause to believe that Plaintiffs had committed any crime. Therefore, Defendants are liable for unlawful search under 42 U.S.C § 1983.

**WHEREFORE** Plaintiffs, **DANNY A. OLEA, JERI D. NELSON, DANNY A. OLEA, JR. a minor, and NATHAN G. OLEA, a minor** respectfully pray that this Honorable Court enter an order:

5

A.  Requiring Defendants to pay Plaintiffs general and special damages, including, but not limited to property damage, moving costs, humiliation, embarrassment, indignities, and physical, mental and emotional pain and anguish;

B.  Requiring Defendants to pay Plaintiffs' Attorney's fees pursuant to 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

C.  Requiring Defendants to pay Plaintiffs punitive and exemplary damages;

D.  Requiring Defendant to pay Plaintiffs cost of suit;

E.  For such other and further relief that this Honorable Court deems just and equitable.

## COUNT II
## CIVIL RIGHTS ACT CLAIM/STATE SUPPLEMENTAL CLAIM
## (UNLAWFUL EVICTION)

25.  Plaintiffs realleges and incorporates paragraphs one through twenty-four of Count I as and for paragraphs one through twenty-four of Count II.

26.  Billy Campanelli quarantined Plaintiffs' apartment and forbid Plaintiffs entry therein.

27.  Right around that time, Plaintiffs arrived back at their apartment and Billy Campanelli told Plaintiffs that they could not return to the apartment; but that they could come back the next day with a police escort to remove their personal property. Essentially, the Defendants unlawfully evicted/ousted the Plaintiffs from their home.

28.  On or about June 2, 2004, the Plaintiffs returned to their apartment with an escort from Defendant, **VILLAGE OF MELROSE PARK POLICE DEPARTMENT** and moved their personal belongings.

6

29. As a direct result of Defendants's actions, Plaintiffs suffered injuries including, but not limited to property damage, moving costs, humiliation, embarrassment, indignities, and suffered great physical, mental and emotional pain and anguish.

**WHEREFORE** Plaintiffs, **DANNY A. OLEA, JERI D. NELSON, DANNY A. OLEA, JR. a minor, and NATHAN G. OLEA, a minor** respectfully pray that this Honorable Court enter an order:

A. Requiring Defendants to pay Plaintiffs general and special damages, including, but not limited to property damage, moving costs, humiliation, embarrassment, indignities, and physical, mental and emotional pain and anguish;

B. Requiring Defendants to pay Plaintiffs' Attorney's fees pursuant to 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

C. Requiring Defendants to pay Plaintiffs punitive and exemplary damages;

D. Requiring Defendant to pay Plaintiffs cost of suit;

E. For such other and further relief that this Honorable Court deems just and equitable.

## COUNT III
## STATE SUPPLEMENTAL CLAIM
## (TRESPASS, WILLFUL AND WANTON CONDUCT)

30. Plaintiffs realleges and incorporates paragraphs twenty-five through twenty-nine of Count II as and for paragraphs one through twenty-nine of Count III.

31. Defendants trespassed onto/into Plaintiffs home without legal cause or justification.

32. As a direct result of Defendants's actions, Plaintiffs suffered injuries including, but not limited to property damage, moving costs, humiliation, embarrassment, indignities, and

7

suffered great physical, mental and emotional pain and anguish.

**WHEREFORE** Plaintiffs, **DANNY A. OLEA, JERI D. NELSON, DANNY A. OLEA, JR. a minor, and NATHAN G. OLEA, a minor** respectfully pray that this Honorable Court enter an order:

A. Requiring Defendants to pay Plaintiffs general and special damages, including, but not limited to property damage, moving costs, humiliation, embarrassment, indignities, and physical, mental and emotional pain and anguish;

B. Requiring Defendants to pay Plaintiffs' Attorney's fees pursuant to 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

C. Requiring Defendants to pay Plaintiffs punitive and exemplary damages;

D. Requiring Defendant to pay Plaintiffs cost of suit;

E. For such other and further relief that this Honorable Court deems just and equitable.

Respectfully submitted,

**DANNY A. OLEA,**
**JERI D. NELSON,**
**DANNY A. OLEA, JR., a minor,**
**and NATHAN G. OLEA, a minor**

By: _____
Jesse V. Barrientes, Attorney for Plaintiffs


Jesse V. Barrientes, Esq.
Law Offices of Jesse V. Barrientes
1650 Casa Solana Drive
Wheaton, Illinois 60187
(630) 871-1071
ARDC Number: 6205595