IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DANNY A. OLEA and JERI D. NELSON, individually and as Parents and Guardians of DANNY A. OLEA, JR., a minor, and NATHAN G. OLEA, a minor,** | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | No.: 06 C 2146 |
| | ) | Plaintiff Demands Trial By Jury |
| **VILLAGE OF MELROSE PARK, VITO SCAVO, individually and in his official capacity as CHIEF OF POLICE, BILLY CAMPANELLI, individually and in his official capacity as ASSISTANT FIRE CHIEF, UNKNOWN and UNNAMED MELROSE PARK POLICE OFFICERS, and UNKNOWN and UNNAMED MELROSE PARK FIREFIGHTERS,** | ) ) ) ) ) ) ) ) ) ) | Judge: Grady Magistrate Judge: Cole |
| Defendants. | ) | |

## AMENDED COMPLAINT

**NOW COMES** the Plaintiffs, **DANNY A. OLEA and JERI D. NELSON, individually and as Parents and Guardians of DANNY A. OLEA, JR., a minor, and NATHAN G. OLEA, a minor**, by and through their Attorney, JESSE V. BARRIENTES, and complaining about the Defendants, **VILLAGE OF MELROSE PARK, VITO SCAVO, individually and in his official capacity as CHIEF OF POLICE, BILLY CAMPANELLI, individually and in his official capacity as ASSISTANT FIRE CHIEF, UNKNOWN and UNNAMED MELROSE PARK POLICE OFFICERS, and UNKNOWN and UNNAMED MELROSE**

1

**PARK FIREFIGHTERS**, alleges as follows:

<u>COUNT I</u>
<u>CIVIL RIGHTS ACT CLAIM</u>
<u>(UNLAWFUL SEARCH OF RESIDENCE/DEPRAVATION OF PROPERTY)</u>

1. Plaintiffs, **DANNY A. OLEA and JERI D. NELSON, individually and as Parents and Guardians of DANNY A. OLEA, JR., a minor, and NATHAN G. OLEA, a minor** are United States Citizens and reside within the jurisdiction of this Honorable Court.

2. Defendant, **VILLAGE OF MELROSE PARK** is a local municipality and is located in the Village of Melrose Park, Cook County, Illinois.

3. Defendant, **VITO SCAVO** was the Chief of Police of Defendant, **VILLAGE OF MELROSE PARK** during the relevant time period set forth herein, and was acting under color of state law as an employee, agent or representative of Defendant, **VILLAGE OF MELROSE PARK**, and had final policymaking authority.

4. Defendant, **BILLY CAMPANELLI** is the Assistant Fire Chief and code enforcement officer for Defendant, **VILLAGE OF MELROSE PARK**, and was acting under color of state law as an employee, agent or representative of Defendant, **VILLAGE OF MELROSE PARK**.

5. Defendants, **UNKNOWN and UNNAMED MELROSE PARK POLICE OFFICERS** were employed by Defendant, **VILLAGE OF MELROSE PARK** and were acting under color of state law as employees, agents or representatives of Defendant, **VILLAGE OF MELROSE PARK**. These Officers are being sued in their individual/personal capacity, and in their official capacity as employees, agents or representatives of Defendant, **VILLAGE OF MELROSE PARK**.

2

6. Defendants, **UNKNOWN and UNNAMED MELROSE PARK FIRE FIGHTERS** were employed by Defendant, **VILLAGE OF MELROSE PARK** and were acting under color of state law as employees, agents or representatives of Defendant, **VILLAGE OF MELROSE PARK**. These Firefighters are being sued in their individual/personal capacity, and in their official capacity as employees, agents or representatives of Defendant, **VILLAGE OF MELROSE PARK**.

7. Federal question jurisdiction exists as to Count I, pursuant to 28 U.S.C. § 1331(a)(3) as this cause arises under a federal statute: namely; the Civil Rights Act, 42 U.S.C. § 1983 and § 1988. Supplemental jurisdiction exists as to Count II, Count III, Count IV and Count V pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division because the actions and injuries complained of occurred in this District, and the Defendants transact business in this District.

9. On June 1, 2004, Plaintiffs lived at 2202 West Division Street, Apt.: GE, Melrose Park, Illinois 60160.

10. Angelo DeBiasio owned the premised in which Plaintiffs lived, and is an employee of Defendant, **VILLAGE OF MELROSE PARK**.

11. On or about June 1, 2004 Angelo DeBiasio was contacted by Billy Campanelli (Assistant Fire Chief and Code Enforcement Officer for Defendant, **VILLAGE OF MELROSE PARK**). Billy Campanelli told Angelo DeBiasio that he and Vito Scavo (Chief of Police of Defendant, **VILLAGE OF MELROSE PARK**) wanted the Plaintiffs out of the building located at 2202 West Division Street, Apt.: GE, Melrose Park, Illinois 60160.

12. Angelo DeBiasio told Billy Campanelli that Olea's lease was already terminated; and Angelo DeBiasio explained to Billy Campanelli that the lease termination required Olea to move out by or on June 10, 2004. However, Billy Campanelli told Angelo DeBiasio that he wanted Olea out before June 10, 2004.

13. Angelo DeBiasio questioned Defendant, **VILLAGE OF MELROSE PARK'S** authority to evict Plaintiffs before June 10, 2004. Billy Campanelli told Angelo DeBiasio to meet him at the building located at 2202 West Division Street, Apt.: GE, Melrose Park, Illinois 60160 later that day when Plaintiffs would be present.

14. On or about June 1, 2004, at approximately 6:30 p.m. Angelo DeBiasio and his wife met Billy Campanelli and many of Defendant, **VILLAGE OF MELROSE PARK'S** police officers at the apartment building; however, the Plaintiffs were not present.

15. Billy Campanelli ordered Angelo DeBiasio to let him into Plaintiff's apartment; however, Angelo DeBiasio initially refused to allow Campanelli access because the Plaintiffs were still the lawful tenants. Angelo DeBiasio questioned what authority Defendant, **VILLAGE OF MELROSE PARK'S** Police Department, Fire Department and Code Enforcement had to enter Plaintiffs' apartment without justification.

16. Billy Campanelli became irate and started yelling at Angelo DeBiasio and ordered him to open Plaintiffs' apartment door or Defendant, **VILLAGE OF MELROSE PARK'S** Police Department would break the door down. Moreover, Billy Campanelli represented to Angelo DeBiasio that he could enter Plaintiffs' apartment because he had a State Order.

17. Because of the temperament of Billy Campanelli, the number of Defendant, **VILLAGE OF MELROSE PARK'S** Police officers, and the representation that Billy

4

Campanelli had a State Order, Angelo BeBiasio felt like he had not choice but to allow Billy Campanelli access to Plaintiffs' apartment.

18. Angelo DeBiasio opened Plaintiffs' apartment door; and upon entry, Defendant, **VILLAGE OF MELROSE PARK'S** Police Department Officers began to search and ransack Plaintiffs' apartment while the Plaintiffs were not home.

19. While Defendant, **VILLAGE OF MELROSE PARK'S** Police Officers and Firefighters were still searching and ransacking the Plaintiffs' apartment, the Plaintiffs returned to their apartment; however, the Defendants refused to allow the Plaintiffs entry into or access to their apartment.

20. The Defendants told the Plaintiffs that they could no longer stay at their apartment, but that they could come back the next day and remove their belongings under the supervision of Defendant, **VILLAGE OF MELROSE PARK'S** Police Officers.

21. The Plaintiffs were not committing any crimes or breaking any laws.

22. There was no legal cause to enter Plaintiffs home, conduct a search, or prevent Plaintiffs access/entry to their apartment.

23. By reason of Defendants' conduct, Plaintiffs' were deprived of their rights, privileges and immunities secured to them by their Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

24. Defendants searched Plaintiffs home without Plaintiffs' consent, unreasonably, and without cause to believe that Plaintiffs had committed any crime, and deprived the Plaintiffs of the use of their property. Therefore, Defendants are liable for unlawful search and seizure, and unlawful depravation of property under 42 U.S.C § 1983.

5

25. The actions described above were undertaken pursuant to one or more interrelated *de facto* policies, practices and/or customs of Defendant, **VILLAGE OF MELROSE PARK'S** Police Department and Fire Department, and include but are not limited to:

   a. evicting, eradication or otherwise ousting undesirable minority United States citizens from the boundaries of Defendant, **VILLAGE OF MELROSE PARK'S** boarders;

   b. the filing of false reports and criminal/administrative charges, and giving of false statements and testimony about said evictions, eradications or oustings;

   c. the suppression of evidence concerning said evictions, eradications or oustings;

   d. effecting evictions, eradications or oustings by intimidating United States Citizens by the threat of filing false reports, citations, and criminal/administrative charges;

   e. the code of silence where police officers/firefighters refuse to report or otherwise cover up instances of police/firefighter misconduct in order to protect Defendant, **VILLAGE OF MELROSE PARK**, fellow officers, fellow firefighters and themselves from internal discipline, civil liability, or criminal/administrative charges. Municipal policymakers are cognizant of this code of silence, which is condoned and facilitated by their inaction.

26. As a matter of policy, practice and/or custom, Defendant, **VILLAGE OF MELROSE PARK'S** Police Department and Fire Department facilitates the very actions articulated above by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Defendant, **VILLAGE OF MELROSE PARK'S** Police Officers and Firefighters to believe their actions will never be scrutinized; thus, directly encouraging future abuses.

27. As a matter of widespread practice so prevalent as to compromise municipal policy, Defendant, **VILLAGE OF MELROSE PARK'S** Police Officers and Firefighters abuse

United States Citizens in a manner similar to that alleged by the Plaintiffs on a frequent basis, yet Defendant, **VILLAGE OF MELROSE PARK** and its Police Department and Fire Department makes findings of wrongdoing in a disproportionately small number of cases.

28. Defendant, **VILLAGE OF MELROSE PARK** has failed to act to remedy the patterns of abuse described in Plaintiffs' complaint despite actual knowledge of same; and has thereby proximately caused the injuries alleged herein.

29. Defendant, **VILLAGE OF MELROSE PARK** has failed to properly train, re-train, supervise, discipline, transfer, monitor, counsel and otherwise control their Police Officers and Firefighters; and has thereby proximately caused the injuries alleged herein.

**WHEREFORE** Plaintiffs, **DANNY A. OLEA and JERI D. NELSON, individually and as Parents and Guardians of DANNY A. OLEA, JR., a minor, and NATHAN G. OLEA, a minor**, respectfully pray that this Honorable Court enter an order:

A. Requiring Defendants to pay Plaintiffs general and special damages, including, but not limited to property damage, moving costs, humiliation, embarrassment, indignities, and physical, mental and emotional pain and anguish;

B. Requiring Defendants to pay Plaintiffs' Attorney's fees pursuant to 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

C. Requiring Defendants to pay Plaintiffs punitive and exemplary damages;

D. Requiring Defendant to pay Plaintiffs cost of suit;

E. For such other and further relief that this Honorable Court deems just and equitable.

## COUNT II
## CIVIL RIGHTS ACT CLAIM/STATE SUPPLEMENTAL CLAIM
## (UNLAWFUL EVICTION)

30. Plaintiffs reallege and incorporate paragraphs one through twenty-nine of Count I as and for paragraphs one through twenty-nine of Count II.

31. Billy Campanelli quarantined Plaintiffs' apartment and forbid Plaintiffs entry therein.

32. Right around that time, Plaintiffs arrived back at their apartment and Billy Campanelli told Plaintiffs that they could not return to the apartment; but that they could come back the next day with a police escort to remove their personal property. Essentially, the Defendants unlawfully evicted/ousted the Plaintiffs from their home.

33. On or about June 2, 2004, the Plaintiffs returned to their apartment with an escort from Defendant, **VILLAGE OF MELROSE PARK POLICE DEPARTMENT** and moved their personal belongings.

34. As a direct result of Defendants's actions, Plaintiffs suffered injuries including, but not limited to property damage, moving costs, humiliation, embarrassment, indignities, and suffered great physical, mental and emotional pain and anguish.

**WHEREFORE** Plaintiffs, **DANNY A. OLEA and JERI D. NELSON, individually and as Parents and Guardians of DANNY A. OLEA, JR., a minor, and NATHAN G. OLEA, a minor** respectfully pray that this Honorable Court enter an order:

A. Requiring Defendants to pay Plaintiffs general and special damages, including, but not limited to property damage, moving costs, humiliation, embarrassment, indignities, and physical, mental and emotional pain and anguish;

8

B.    Requiring Defendants to pay Plaintiffs' Attorney's fees pursuant to 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

C.    Requiring Defendants to pay Plaintiffs punitive and exemplary damages;

D.    Requiring Defendant to pay Plaintiffs cost of suit;

E.    For such other and further relief that this Honorable Court deems just and equitable.

## COUNT III
## STATE SUPPLEMENTAL CLAIM
## (TRESPASS, WILLFUL AND WANTON CONDUCT)

35.    Plaintiffs reallege and incorporate paragraphs thirty through thirty-four of Count II as and for paragraphs one through thirty-four of Count III.

36.    Defendants trespassed onto/into Plaintiffs home without legal cause or justification.

37.    As a direct result of Defendants's actions, Plaintiffs suffered injuries including, but not limited to property damage, moving costs, humiliation, embarrassment, indignities, and suffered great physical, mental and emotional pain and anguish.

**WHEREFORE** Plaintiffs, **DANNY A. OLEA and JERI D. NELSON, individually and as Parents and Guardians of DANNY A. OLEA, JR., a minor, and NATHAN G. OLEA, a minor** respectfully pray that this Honorable Court enter an order:

A.    Requiring Defendants to pay Plaintiffs general and special damages, including, but not limited to property damage, moving costs, humiliation, embarrassment, indignities, and physical, mental and emotional pain and anguish;

B.    Requiring Defendants to pay Plaintiffs' Attorney's fees pursuant to 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

9

C. Requiring Defendants to pay Plaintiffs punitive and exemplary damages;

D. Requiring Defendant to pay Plaintiffs cost of suit;

E. For such other and further relief that this Honorable Court deems just and equitable.

## COUNT IV
## STATE SUPPLEMENTAL CLAIM
## (INVASION OF PRIVACY: INTRUSION INTO SECLUSION)

38. Plaintiffs reallege and incorporate paragraphs thirty-five through thirty-seven of Count III as and for paragraphs one through thirty-seven of Count IV.

39. Defendants entered Plaintiffs home without authority, legal cause or justification.

40. Defendants entry and search into Plaintiffs home without authority, legal cause or justification was offensive and objectionable to the Plaintiffs and would be objectionable and offensive to any other reasonable person.

41. The Plaintiffs had a reasonable expectation of privacy in their home, which was a private dwelling.

42. As a direct result of Defendants's actions, Plaintiffs suffered injuries including, but not limited to property damage, moving costs, humiliation, embarrassment, indignities, and suffered great physical, mental and emotional pain and anguish.

**WHEREFORE** Plaintiffs, **DANNY A. OLEA and JERI D. NELSON, individually and as Parents and Guardians of DANNY A. OLEA, JR., a minor, and NATHAN G. OLEA, a minor** respectfully pray that this Honorable Court enter an order:

A. Requiring Defendants to pay Plaintiffs general and special damages, including, but not limited to property damage, moving costs, humiliation, embarrassment, indignities, and physical, mental and emotional pain and anguish;

10

B.     Requiring Defendants to pay Plaintiffs' Attorney's fees pursuant to 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

C.     Requiring Defendants to pay Plaintiffs punitive and exemplary damages;

D.     Requiring Defendant to pay Plaintiffs cost of suit;

E.     For such other and further relief that this Honorable Court deems just and equitable.

## COUNT V
## STATE SUPPLEMENTAL CLAIM
## (INTENTIONAL INFLECTION OF EMOTIONAL DISTRESS)

43.     Plaintiffs reallege and incorporate paragraphs thirty-eight through forty-two of Count IV as and for paragraphs one through forty-two of Count V.

44.     Defendants's actions in entering, searching, and ransacking Plaintiffs' home without authority, legal cause or justification is extreme and outrageous conduct.

45.     Defendants's actions in forcibly evicting and depriving Plaintiffs of the sanctuary and shelter of their home without authority, legal cause or justification is extreme and outrageous conduct.

46.     Defendants actions were intended to cause, or done with reckless disregard of the probability that they would cause the Plaintiffs severe emotional distress.

47.     Defendants actions were undertaken with malice, willfulness and reckless indifference to the Plaintiffs' rights.

48.     As a direct and proximate result of Defendants's actions, Plaintiffs suffered severe or extreme emotional distress.

**WHEREFORE** Plaintiffs, **DANNY A. OLEA and JERI D. NELSON, individually and as Parents and Guardians of DANNY A. OLEA, JR., a minor, and NATHAN G. OLEA, a minor** respectfully pray that this Honorable Court enter an order:

A. Requiring Defendants to pay Plaintiffs general and special damages, including, but not limited to property damage, moving costs, humiliation, embarrassment, indignities, and physical, mental and emotional pain and anguish;

B. Requiring Defendants to pay Plaintiffs' Attorney's fees pursuant to 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

C. Requiring Defendants to pay Plaintiffs punitive and exemplary damages;

D. Requiring Defendant to pay Plaintiffs cost of suit;

E. For such other and further relief that this Honorable Court deems just and equitable.

          Respectfully submitted,

          **DANNY A. OLEA and**
          **JERI D. NELSON, individually and**
          **as Parents and Guardians of**
          **DANNY A. OLEA, JR., a minor, and**
          **NATHAN G. OLEA, a minor**

      By: /s/ Jesse V. Barrientes
          Jesse V. Barrientes, Attorney for Plaintiffs

Jesse V. Barrientes, Esq.
Law Offices of Jesse V. Barrientes
1650 Casa Solana Drive
Wheaton, Illinois 60187
(630) 871-1071
ARDC Number: 6205595