PFC/tab          Code No. 141          File No. 5574-25059

IN THE UNITED STATES DISTRICT COURT
FOR THE NOTRTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAN A. OLEA, JERI D. NELSON, DANNY A. OLEA, JR., a minor, and NATHAN G. OLEA, a minor, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 06 CV 2146 ) Judge John F. Grady |
| VILLAGE OF MELROSE PARK, MELROSE PARK POLICE DEPARTMENT, VITO SCAVO, CHIEF OF POLICE, Individually and in his official capacity, UNKNOWN and UNNAMED MELROSE PARK POLICE OFFICERS, MELROSE PARK FIRE DEPARTMENT, BILLY CAMPANELLI, individually and in his official capacity, and UNKNOWN and UNNAMED MELROSE PARK FIREFIGHTERS, | ) Magistrate Judge Cole ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS VILLAGE OF MELROSE PARK, VITO SCAVO and BILLY CAMPANELLI'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

NOW COME the defendants, VILLAGE OF MELROSE PARK, VITO SCAVO, and BILLY CAMPANELLI, by and through their attorneys, DOWD & DOWD, LTD., and for their motion to dismiss, pursuant to Federal Rule 12(b)(6) of the Federal Civil Procedures, state as follows:

**COUNT I
CIVIL RIGHTS ACT CLAIM
(UNLAWFUL SEARCH OF RESIDENCE/DEPRA V A TION OF PROPERTY)**

1. Plaintiffs, **DANNY A. OLEA and JERI D. NELSON, individually and as Parents and Guardians of DANNY A. OLEA, JR., a minor, and NATHAN G. OLEA, a minor** are United States Citizens and reside within the jurisdiction of this Honorable Court.
**RESPONSE: Defendants lack independent knowledge as to whether Danny Olea, Jeri Nelson, Danny Olea, Jr., and Nathan Olea are United States Citizens and reside within the jurisdiction of this Court. Therefore, Defendants neither admit nor deny paragraph**

**1.**

2. Defendant, **VILLAGE OF MELROSE PARK** is a local municipality and is located in the Village of Melrose Park, Cook County, Illinois.

**RESPONSE: Defendants admit the allegations contained in paragraph 2.**

3. Defendant, **VITO SCAVO** was the Chief of Police of Defendant, **VILLAGE OF MELROSE PARK** during the relevant time period set forth herein, and was acting under color of state law as an employee, agent or representative of Defendant, **VILLAGE OF MELROSE PARK,** and had final policymaking authority.

**RESPONSE: Defendants admit that Vito Scavo was the Chief of Police during the relevant time period set forth in the plaintiff's complaint but deny any further allegations set forth in Plaintiff's paragraph 3.**

4. Defendant, **BILLY CAMPANELLI** is the Assistant Fire Chief and code enforcement officer for Defendant, **VILLAGE OF MELROSE PARK,** and was acting under color of state law as an employee, agent or representative of Defendant, **VILLAGE OF MELROSE PARK.**

**RESPONSE: Defendants admit that Billy Campanelli is the Assistant Fire Chief and code enforcement officer for the Village of Melrose Park but denies the rest of the allegations contained in paragraph 4 due to lack of sufficient knowledge as to timeframe and actions alleged in Plaintiffs' complaint.**

5. Defendants, **UNKNOWN and UNNAMED MELROSE PARK POLICE OFFICERS** were employed by Defendant, **VILLAGE OF MELROSE PARK** and were acting under color of state law as employees, agents or representatives of Defendant, **VILLAGE OF MELROSE PARK.** These Officers are being sued in their individual/personal capacity, and in their official capacity as employees, agents or representatives of Defendant, **VILLAGE OF MELROSE PARK.**

**RESPONSE:  Defendants deny the allegations set forth in paragraph 5 due to lack of sufficient information.**

6.      Defendants, **UNKNOWN and UNNAMED MELROSE PARK FIRE FIGHTERS** were employed by Defendant, **VILLAGE OF MELROSE PARK** and were acting under color of state law as employees, agents or representatives of Defendant, **VILLAGE OF MELROSE** PARK. These Firefighters are being sued in their individual/personal capacity, and in their official capacity as employees, agents or representatives of Defendant, **VILLAGE OF MELROSE** PARK.

**RESPONSE:  Defendants deny the allegations contained in paragraph 6 for lack of sufficient information and furthermore state that the plaintiffs' complaint speaks for itself.**

7.      Federal question jurisdiction exists as to Count **I,** pursuant to 28 US.C. § 133I(a)(3) as this cause arises under a federal statute: namely; the Civil Rights Act, 42 US.C. § 1983 and § 1988. Supplemental jurisdiction exists as to Count n, Count III, Count IV and Count V pursuant to 28 US.C. § 1367.

**RESPONSE:  Defendants admit the allegations contained in paragraph 7 but specifically denies violation by any of these defendants for the statutes listed in paragraph 7.**

8.      Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division because the actions and injuries complained of occurred in this District, and the Defendants transact business in this District.

**RESPONSE:  Defendants admit that allegations contained in paragraph 8.**

9.      On June 1,2004, Plaintiffs lived at 2202 West Division Street, Apt.: GE, Melrose Park, Illinois 60160.

**RESPONSE:  Defendants lack independent knowledge as to whether the plaintiffs lived at 2202 West Division Street, Apt. GE, Melrose Park, Illinois 60160 on June 1, 2004.  Therefore,**

**Defendants neither admit nor deny paragraph 9.**

10 . Angelo DeBiasio owned the premised in which Plaintiffs lived, and is an employee of Defendant, **VILLAGE OF MELROSE PARK.**

**RESPONSE: Defendants admit that Angelo DiBiasio is an employee of the Village of Melrose Park but deny the remaining allegations contained in paragraph 10 due to lack of independent knowledge.**

11. On or about June 1, 2004 Angelo DeBiasio was contacted by Billy Campanelli (Assistant Fire Chief and Code Enforcement Officer for Defendant, **VILLAGE OF MELROSE PARK**). Billy Campanelli told Angelo DeBiasio that he and Vito Scavo (Chief of Police of Defendant, **VILLAGE OF MELROSE PARK)** wanted the Plaintiffs out of the building located at 2202 West Division Street, Apt.: GE, Melrose Park, Illinois 60160.

**RESPONSE: Defendants deny the allegations contained in paragraph 11.**

12. Angelo DeBiasio told Billy Campanelli that Olea's lease was already terminated; and Angelo DeBiasio explained to Billy Campanelli that the lease termination required Olea to move out by or on June 10, 2004. However, Billy Campanelli told Angelo DeBiasio that he wanted Olea out before June 10,2004.

**RESPONSE: Defendants deny the allegations contained in paragraph 12.**

13. Angelo DeBiasio questioned Defendant, **VILLAGE OF MELROSE PARK'S** authority to evict Plaintiffs before June 10, 2004. Billy Campanelli told Angelo DeBiasio to meet him at the building located at 2202 West Division Street, Apt.: GE, Melrose Park, Illinois 60160 later that day when Plaintiffs would be present.

**RESPONSE: Defendants deny the allegations contained in paragraph 13.**

14. On or about June 1,2004, at approximately 6:30 p.m. Angelo DeBiasio and his wife met Billy Campanelli and many of Defendant, **VILLAGE OF MELROSE PARK'S** police

officers at the apartment building; however, the Plaintiffs were not present.

**RESPONSE: Defendants deny the allegations contained in paragraph 14.**

15. Billy Campanelli ordered Angelo DeBiasio to let him into Plaintiffs apartment; however, Angelo DeBiasio initially refused to allow Campanelli access because the Plaintiffs were still the lawful tenants. Angelo DeBiasio questioned what authority Defendant, **VILLAGE OF MELROSE PARK'S** Police Department, Fire Department and Code Enforcement had to enter Plaintiffs' apartment without justification.

**RESPONSE: Defendants deny the allegations contained in paragraph 15.**

16. Billy Campanelli became irate and started yelling at Angelo DeBiasio and ordered him to open Plaintiffs' apartment door or Defendant, **VILLAGE OF MELROSE PARK'S** Police Department would break the door down. Moreover, Billy Campanelli represented to Angelo DeBiasio that he could enter Plaintiffs' apartment because he had a State Order.

**RESPONSE: Defendants deny the allegations contained in paragraph 16.**

17. Because of the temperament of Billy Campanelli, the number of Defendant, **VILLAGE OF MELROSE PARK'S** Police officers, and the representation that Billy

Campanelli had a State Order, Angelo BeBiasio felt like he had not choice but to allow Billy Campanelli access to Plaintiffs' apartment.

**RESPONSE: Defendants deny the allegations contained in paragraph 17.**

18. Angelo DeBiasio opened Plaintiffs' apartment door; and upon entry, Defendant, **VILLAGE OF MELROSEP ARK'S** Police Department Officers began to search and ransack Plaintiffs' apartment while the Plaintiffs were not home.

**RESPONSE: Defendants deny the allegations contained in paragraph 18.**

19. While Defendant, **VILLAGE OF MELROSE PARK'S** Police Officers and Firefighters were still searching and ransacking the Plaintiffs' apartment, the Plaintiffs returned to their apartment; however, the Defendants refused to allow the Plaintiffs entry into or access to their apartment.

**RESPONSE: Defendants deny the allegations contained in paragraph 19.**

20. The Defendants told the Plaintiffs that they could no longer stay at their apartment, but that they could come back the next day and remove their belongings under the supervision of Defendant, **VILLAGE OF MELROSE PARK'S** Police Officers.

**RESPONSE: Defendants deny the allegations contained in paragraph 20.**

21. The Plaintiffs were not committing any crimes or breaking any laws.

**RESPONSE: Defendants deny the allegations contained in paragraph 21.**

22. There was no legal cause to enter Plaintiffs home, conduct a search, or prevent Plaintiffs access/entry to their apartment.

**RESPONSE: Defendants deny the allegations contained in paragraph 22.**

23. By reason of Defendants' conduct, Plaintiffs' were deprived of their rights, privileges and immunities secured to them by their Fourth and/or Fourteenth Amendment to the

Constitution of the United States and laws enacted thereunder.

**RESPONSE: Defendants deny the allegations contained in paragraph 23.**

24. Defendants searched Plaintiffs home without Plaintiffs' consent, unreasonably, and without cause to believe that Plaintiffs had committed any crime, and deprived the Plaintiffs of the use of their property. Therefore, Defendants are liable for unlawful search and seizure, and unlawful depravation of property under 42 U.S.C § 1983.

**RESPONSE: Defendants deny the allegations contained in paragraph 24.**

25. The actions described above were undertaken pursuant to one or more interrelated *defacto* policies, practices and/or customs of Defendant, **VILLAGE OF MELROSE PARK'S** Police Department and Fire Department, and include but are not limited to:

    a. evicting, eradication or otherwise ousting undesirable minority United States citizens from the boundaries of Defendant, **VILLAGE OF MELROSE PARK'S** boarders;

    b. the filing of false reports and criminal/administrative charges, and giving of false statements and testimony about said evictions, eradications or oustings;

    c. the suppression of evidence concerning said evictions, eradications or oustings;

    d. effecting evictions, eradications or oustings by intimidating United States Citizens by the threat of filing false reports, citations, and criminal/administrative charges;

    e. the code of silence where police officers/firefighters refuse to report or otherwise cover up instances of police/firefighter misconduct in order to protect Defendant, **VILLAGE OF MELROSE PARK,** fellow officers, fellow firefighters and themselves from internal discipline, civil liability, or criminal/administrative charges. Municipal policymakers are cognizant of this code of silence, which is condoned and facilitated by their inaction.

**RESPONSE: Defendants deny the allegations contained in paragraph 25, inclusive of a through e.**

26. As a matter of policy, practice and/or custom, Defendant, **VILLAGE OF**

**MELROSE PARK'S** Police Department and Fire Department facilitates the very actions articulated above by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Defendant, **VILLAGE OF MELROSE PARK'S** Police Officers and Firefighters to believe their actions will never be scrutinized; thus, directly encouraging future abuses.

**RESPONSE:  Defendants deny the allegations contained in paragraph 26.**

27. As a matter of widespread practice so prevalent as to compromise municipal policy, Defendant, **VILLAGE OF MELROSE PARK'S** Police Officers and Firefighters abuse United States Citizens in a manner similar to that alleged by the Plaintiffs on a frequent basis, yet Defendant, **VILLAGE OF MELROSE PARK** and its Police Department and Fire Department makes findings of wrongdoing in a disproportionately small number of cases.

**RESPONSE:  Defendants deny the allegations contained in paragraph 27.**

28. Defendant, **VILLAGE OF MELROSE PARK** has failed to act to remedy the patterns of abuse described in Plaintiffs' complaint despite actual knowledge of same; and has thereby proximately caused the injuries alleged herein.

**RESPONSE:  Defendants deny the allegations contained in paragraph 28.**

29. Defendant, **VILLAGE OF MELROSE PARK** has failed to properly train, re-train, supervise, discipline, transfer, monitor, counsel and otherwise control their Police Officers and Firefighters; and has thereby proximately caused the injuries alleged herein.

**RESPONSE:  Defendants deny the allegations contained in paragraph 29.**

WHEREFORE, Defendants, VILLAGE OF MELROSE PARK, VITO SCAVO and BILLY CAMPANELLI, pray for entry of an order granting them judgment against the plaintiffs and further pray that they be awarded the costs and expenses incurred in defending this claim.

## COUNT II
## CIVIL RIGHTS ACT CLAIM/STATE SUPPLEMENTAL CLAIM
## (UNLAWFUL EVICTION)

30. Plaintiffs reallege and incorporate paragraphs one through twenty-nine of Count I as and for paragraphs one through twenty-nine of Count II.

**RESPONSE: Defendants repeat and reallege their responses to the preceding paragraphs as though said responses were fully set forth herein.**

31. Billy Campanelli quarantined Plaintiffs' apartment and forbid Plaintiffs entry therein.

**RESPONSE: Defendants deny the allegations contained in paragraph 31.**

32. Right around that time, Plaintiffs arrived back at their apartment and Billy Campanelli told Plaintiffs that they could not return to the apartment; but that they could come back the next day with a police escort to remove their personal property. Essentially, the Defendants unlawfully evicted/ousted the Plaintiffs from their home.

**RESPONSE: Defendants deny the allegations contained in paragraph 32.**

33. On or about June 2, 2004, the Plaintiffs returned to their apartment with an escort from Defendant, **VILLAGE OF MELROSE PARK POLICE DEPARTMENT** and moved their personal belongings.

**RESPONSE: Defendants deny the allegations contained in paragraph 33.**

34. As a direct result of Defendants' actions, Plaintiffs suffered injuries including, but not limited to property damage, moving costs, humiliation, embarrassment, indignities, and suffered great physical, mental and emotional pain and anguish.

**RESPONSE: Defendants deny the allegations contained in paragraph 34.**

WHEREFORE, Defendants, VILLAGE OF MELROSE PARK, VITO SCAVO and BILLY CAMPANELLI, pray for entry of an order granting them judgment against the plaintiffs and further pray that they be awarded the costs and expenses incurred in defending this claim.

### COUNT III
### STATE SUPPLEMENTAL CLAIM (TRESPASS, WILLFUL AND WANTON CONDUCT)

35. Plaintiffs reallege and incorporate paragraphs thirty through thirty-four of Count II as and for paragraphs one through thirty-four of Count III.

**RESPONSE: Defendants repeat and reallege their responses to the preceding paragraphs as though said responses were fully set forth herein.**

36. Defendants trespassed onto/into Plaintiffs home without legal cause or justification.

**RESPONSE: Defendants deny the allegations contained in paragraph 36.**

37. As a direct result of Defendants's actions, Plaintiffs suffered injuries including, but not limited to property damage, moving costs, humiliation, embarrassment, indignities, and suffered great physical, mental and emotional pain and anguish.

**RESPONSE: Defendants deny the allegations contained in paragraph 37.**

WHEREFORE, Defendants, VILLAGE OF MELROSE PARK, VITO SCAVO and BILLY CAMPANELLI, pray for entry of an order granting them judgment against the plaintiffs and further pray that they be awarded the costs and expenses incurred in defending this claim.

### COUNT IV
### STATE SUPPLEMENTAL CLAIM
### (INVASION OF PRIVACY: INTRUSION INTO SECLUSION)

38. Plaintiffs reallege and incorporate paragraphs thirty-five through thirty-seven of Count III as and for paragraphs one through thirty-seven of Count IV.

**RESPONSE: Defendants repeat and reallege their responses to the preceding paragraphs as though said responses were fully set forth herein.**

39. Defendants entered Plaintiffs home without authority, legal cause or justification.

**RESPONSE: Defendants deny the allegations contained in paragraph 39.**

40. Defendants entry and search into Plaintiffs home without authority, legal cause or justification was offensive and objectionable to the Plaintiffs and would be objectionable and offensive to any other reasonable person.

**RESPONSE: Defendants deny the allegations contained in paragraph 40.**

41. The Plaintiffs had a reasonable expectation of privacy in their home, which was a private dwelling.

**RESPONSE: Defendants lack sufficient information and therefore neither admit nor deny the allegations contained in paragraph 41.**

42. As a direct result of Defendants's actions, Plaintiffs suffered injuries including, but not limited to property damage, moving costs, humiliation, embarrassment, indignities, and suffered great physical, mental and emotional pain and anguish.

**RESPONSE: Defendants deny the allegations contained in paragraph 42.**

WHEREFORE, Defendants, VILLAGE OF MELROSE PARK, VITO SCAVO and BILLY CAMPANELLI, pray for entry of an order granting them judgment against the plaintiffs and further pray that they be awarded the costs and expenses incurred in defending this claim.

<u>**COUNT V**</u>
<u>**STATE SUPPLEMENTAL CLAIM (INTENTIONAL**</u>
<u>**INFLECTION OF EMOTIONAL DISTRESS)**</u>

43. Plaintiffs reallege and incorporate paragraphs thirty-eight through forty-two of Count IV as and for paragraphs one through forty-two of Count V.

**RESPONSE: Defendants repeat and reallege their responses to the preceding paragraphs as though said responses were fully set forth herein.**

44. Defendants's actions in entering, searching, and ransacking Plaintiffs' home without authority, legal cause or justification is extreme and outrageous conduct.

**RESPONSE: Defendants deny the allegations contained in paragraph 44.**

45. Defendants's actions in forcibly evicting and depriving Plaintiffs of the sanctuary and shelter of their home without authority, legal cause or justification is extreme and outrageous conduct.

**RESPONSE: Defendants deny the allegations contained in paragraph 45.**

46. Defendants actions were intended to cause, or done with reckless disregard of the probability that they would cause the Plaintiffs severe emotional distress.

**RESPONSE: Defendants deny the allegations contained in paragraph 46.**

47. Defendants actions were undertaken with malice, willfulness and reckless indifference to the Plaintiffs' rights.

**RESPONSE: Defendants deny the allegations contained in paragraph 47.**

48. As a direct and proximate result of Defendants's actions, Plaintiffs suffered severe or extreme emotional distress.

**RESPONSE: Defendants deny the allegations contained in paragraph 48.**

WHEREFORE, Defendants, VILLAGE OF MELROSE PARK, VITO SCAVO and BILLY CAMPANELLI, pray for entry of an order granting them judgment against the plaintiffs and further pray that they be awarded the costs and expenses incurred in defending this claim.

### AFFIRMATIVE DEFENSES

1. Counts I through V of the plaintiffs' complaint should be dismissed insofar as they fail to state a claim upon which relief may be granted under either Section 1331, 1983, 1988 and 1367 or Illinois law.

2. Plaintiffs' request for punitive damages would deprive the defendants of due process of law in violation of the Fifth and Fourteenth Amendments of the United States Constitution in that:

      a.      Liability for punitive damages would not be proven beyond a reasonable doubt or at least by clear and convincing evidence;

      b.      The award of punitive damages is disappropriate to actual damages;

      c.      Any award of punitive damage would constitute an excessive fine in violation of the Eight Amendment prohibition of excessive fines and penalties.

3.      At all relevant times, Defendant Billy Campanelli was a code enforcement officer and was properly enforcing the municipal or state code at the time of the alleged allegations set forth in the plaintiff's complaint.

4.      Any injury or damages set claimed by the plaintiffs against the defendants were caused in whole or part by the plaintiffs' actions and/or negligence. Even if the defendants are found liable on damages, the total amount of damages to which the plaintiffs would be otherwise entitled must be reduced by application of the principles of comparative fault.

**\*\* Defendants demand trial by jury.**

                                        By:    /s/ Philip F. Cuevas_____ _____
                                                  Attorney for Defendants,
                                                  VILLAGE OF MELROSE PARK, VITO SCAVO and
                                                  BILLY CAMPANELLI

Phil F. Cuevas
Dowd & Dowd, Ltd.
617 W. Fulton Street
Chicago, IL 60661
Tx: 312/704-4400
Fx: 312/704-4500

**CERTIFICATE OF SERVICE**

    I, an attorney, state that the Notice of Filing Defendants Village of Melrose Park, Vito Scavo and Billy Campanelli's Answer to Plaintiffs' Amended Complaint was served electronically to all law firms of record via ECF on October 23, 2006.

                                              By:    /s/ Philip F. Cuevas_____
                                                          Attorney for Defendants,
                                                          VILLAGE OF MELROSE PARK, VITO SCAVO and
                                                          BILLY CAMPANELLI

Phil F. Cuevas
Dowd & Dowd, Ltd.
617 W. Fulton Street
Chicago, IL  60661
Tx:  312/704-4400
Fx:  312/704-4500